PER CURIAM.
The defendant appeals a judgment entered on a trial without a jury, in an action for damages for alleged breach of a contract for manufacture and installation of windows and doors in an apartment building. The trial court held there was a breach of contract, assessed the damages and entered judgment.
The complaint alleged, and the trial judge so found, that Comas Corporation was an undisclosed principal, on whose behalf Es-cot Construction Corp. made the contract *80 with the defendant Arnold Altex Aluminum Co.[1]
As its first point appellant argues that because the contract provided that a subcontractor was not entitled to look to the owner, “the owner in turn may not look to the subcontractor.” We must reject that contention as not being applicable to this case. That argument assumes that Escot Construction Corp. was the contractor and that defendant was a subcontractor. As pointed out above, it was alleged that the Comas Corporation was an undisclosed principal for whom Escot made the contract with the defendant. Appellant’s theory of the facts would require not only that we disregard that allegation but that we reject the finding of the trial judge, quoted above, where he held that the relationship as alleged in the complaint was established by the evidence, resulting in a direct contract between Comas and the defendant. Appellant makes no showing to warrant such action by us. The trial judge was the trier of the facts, and his finding on this pivotal point of the case was not shown to be wholly wrong or against the manifest weight of the evidence.
In a second point appellant challenges the assignment under which the plaintiff maintained the action as assignee of the claim of Comas against the defendant. The assignment was in writing. The trial judge held the assignment effective for the purpose and we agree.
Affirmed.

. The trial court’s findings included the following:
“Plaintiff is the assignee of The Comas Corporation (see PI. Ex. 4), and sues the Defendant for breach of warranty under a contract entered into between Es-cot Construction Corp. and the Defendant, whereby the Defendant agreed to install windows in the apartment building being constructed for the Comas Corp. The Plaintiff contends that Comas Corp. was the undisclosed principal of Escot Construction Corp., and that Escot was not a general contractor but that a Mr. Eisenstat was the supervising contractor. Eisenstat was Secretary of The Comas Corp. and President of Escot Construction Corp. This relationship becomes important in regard to the duty owed the assignee plaintiff.
“The Court finds that plaintiff has proven by competent evidence that the relationship of undisclosed principal-agent existed between the Comas Corp. and Escot Construction Corp., so that the contract, (Pl.Ex. 6) was a direct contract between the defendant and The Comas Corp., the 99-year lessee of the premises.”